United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ELVIN MISAEL SUAREZ BARDALES,

Petitioner,

v.

WARDEN OF THE MESA VERDE DETENTION FACILITY, *et al.*,

Respondents.

Case No. 1:26-cv-05172 (EJD)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

This habeas action concerns the detention of Petitioner Elvin Misael Suarez Bardales, a noncitizen who has lived in the United States for nearly three years. Based on the Government's new interpretation of 8 U.S.C. § 1225(b) as mandating detention for all noncitizens present in the United States without admission, Petitioner was re-detained without any finding of changed circumstances demonstrating that he was a flight risk or danger to the community. For the reasons explained below, the Court GRANTS the petition.

## I. BACKGROUND

Petitioner is a citizen of Honduras who entered the United States through the Brownsville, Texas Port of Entry on October 3, 2024. Dkt. No. 7-1 at 2. Following his entry, U.S. Border Patrol server Petitioner with an I-862 Notice to Appear, placing him in removal proceedings under INA § 240 and setting a hearing date for the following year. *See id*. at 3–4. Following his entry, it appears Petitioner was released from custody, however, neither party has specified whether Petitioner was released on bond, his own recognizance, or humanitarian parole. Despite no apparent change in circumstances since Petitioner's initial release, he was re-detained on November 11, 2025 while driving with his cousin. Dkt. No. 1 at 5–6. Petitioner's removal proceedings remain ongoing, and

the Immigration Court's docket indicates that his next hearing is currently scheduled for September 15, 2026. *See* https://acis.eoir.justice.gov/en/caseInformation.

## II. DISCUSSION

Petitioner argues in the instant petition that his prolonged detention without a finding that he is a flight risk or danger to the community violates due process. *See* Dkt. No. 1 at 9–12. While maintaining that Petitioner may be detained without a bond hearing under 8 U.S.C. § 1225(b), Respondents concede that "[t]his case is in the category of immigration habeas cases for which courts in this district have typically ordered immediate release." Dkt. No. 7 at 1. The Court agrees that release is appropriate under these circumstances.

Respondents' argument with respect to § 1225(b) has been widely rejected across this circuit, and indeed, throughout the United States. "[F]or the reasons set forth in numerous district court decisions in the past few months, § 1225(b)(2) does not apply to persons like Petitioner who were previously taken into custody and then released (such as under parole or supervised release)." *Bautista Villanueva v. Bondi*, No. 25-CV-4152-ABA, 2026 WL 100595, at *1 (D. Md. Jan. 14, 2026) (collecting cases); *see also Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *7 (N.D. Cal. Sept. 12, 2025); *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2025 WL 2677125, at *4 (N.D. Cal. Sept. 18, 2025). Given Respondents' failure to articulate a lawful basis for Petitioner's detention, the Court next turns to his due process claim.

Petitioner's constitutional challenge is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (*citing Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

Though neither party has specified exactly what Petitioner's custody status was between the time of his release November 2024 to the date of his detention on November 11, 2025, the record before the Court demonstrates that Petitioner was previously released from immigration

United States District Court
Eastern District of California

custody. Given that Petitioner was released into the interior of the United States—and the fact that Respondents have only argued that 8 U.S.C. § 1225(b) controls his detention—the court need not determine precisely what statute applies here because Petitioner has a protected liberty interest in his continued freedom. *See Enriquez Escarcega v. Warden of the Golden State Annex Facility*, No. 1:26-CV-01012 DAD SCR, 2026 WL 480500, at *2 (E.D. Cal. Feb. 20, 2026) (noting that the court "need not determine whether § 1225 or § 1226 applies in this case because petitioner has a liberty interest in his continued release regardless of the applicable detention scheme"); *Cajina v. Wofford*, No. 1:25-CV-01566-DAD-AC (HC), 2025 WL 3251083, at *3 (E.D. Cal. Nov. 21, 2025) (same). "[E]ven when an initial decision to detain or release an individual is discretionary, the government's subsequent release of the individual from custody creates 'an implicit promise' that the individual's liberty will be revoked only if they fail to abide by the conditions of their release." *Calderon v. Kaiser*, No. 25-CV-6695 AMO, 2025 WL 2430609, at *2 (N.D. Cal. Aug. 22, 2025) (quoting *Morrissey*, 408 U.S. at 482).

Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context where a noncitizen possesses a protected liberty interest in his continued release. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first *Mathews* factor, the Court finds that Petitioner has a substantial private interest in remaining out of immigration custody because he has been released pending civil removal proceedings for nearly two years. In the intervening years he has developed ties in his community working and supporting his family. "[His] detention denies [him] that freedom." *Omer G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1111 (E.D. Cal. 2025).

United States District Court
Eastern District of California

Turning to the second factor, "the risk of an erroneous deprivation [of liberty] is high" when, as here, "[the petitioner] has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is justified when a noncitizen presents a risk of flight or danger to the community. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The record before the Court indicates that there was no independent finding of changed circumstances by a neutral arbiter before Petitioner was re-detained. And Respondents have not argued that Petitioner is dangerous or would be a flight risk, justifying revocation of his prior release. As there have been no procedural safeguards to determine if Petitioner's re-detention is justified, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *A.E.*, 2025 WL 1424382, at *5.

The final *Mathews* factor also weighs in Petitioner's favor. Although the Government has a strong interest in enforcing the immigration laws, its' interest in detaining Petitioner without a hearing is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025). In immigration court, custody hearings are routine and impose a "minimal" cost. *Doe*, 787 F. Supp. 3d at 1094. "If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so," but it must provide Petitioner with a hearing first. *Ortega*, 415 F. Supp. 3d at 970.

In light of the fact that Respondents failed to make any showing of changed circumstances before re-detaining Petitioner, he is entitled to release.

## III. CONCLUSION AND ORDER

For the reasons stated above, the Petition is GRANTED. IT IS HEREBY ORDERED that:

1. Respondents immediately release Petitioner from their custody.

2. Respondents shall not impose any additional restrictions on Petitioner unless they are determined to be necessary at a future pre-deprivation and/or custody hearing.

3. If the Government seeks to re-detain Petitioner, it must provide no less than seven

United States District Court
Eastern District of California

(7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter at which the Government has the burden of showing by clear and convincing evidence that Petitioner's detention is justified based on a finding of flight risk or danger to the community. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

4. The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: September 1, 2026

EDWARD J. DAVILA
United States District Judge